# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

PHILLIP M. JONES                                                                              PLAINTIFF

VS.                                        CIVIL ACTION NO. 4:11cv161-CWR-LRA

CITY OF MERIDIAN                                                         DEFENDANT

## **REPORT AND RECOMMENDATION OF**
## **UNITED STATES MAGISTRATE JUDGE**

Plaintiff Phillip M. Jones failed to appear at the omnibus hearing which was scheduled on May 14, 2012, before the undersigned Magistrate Judge. Defense attorney Andrew W. Impastato appeared at the scheduled omnibus hearing, but Jones did not appear or contact the Court to request a continuance. He was notified of this hearing at the mailing address that he provided to the Court, being c/o Mae Collins, 5611 Fred Haguewood Road, Meridian, Mississippi 39301. This was the last address provided by Plaintiff to the Clerk of the Court (ECF No. 12, filed November 23, 2011). The Order setting the hearing was not returned to this Court as undeliverable, and the Court must assume that Plaintiff received notice of the setting.

Jones filed this case, and it was his responsibility to prosecute his claims. In the Court's Order [ECF No. 14, filed December 13, 2011], he was warned that his "[f]ailure to comply with any order of the Court or failure to advise the Court of a change of address will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case." Therefore, Plaintiff was aware that it was his responsibility to inform the Court of any address changes. His failure to give any new address, to attend the scheduled hearing, or to contact the Court regarding any conflict, has caused Defendant to incur unnecessary attorneys' fees and costs. Plaintiff has failed to abide by the orders of this Court. The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

Defendant made an *ore tenus* motion to dismiss the case against it at the scheduled omnibus hearing, and the undersigned recommends that the motion be granted. This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against it.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendant.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of May, 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE